# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DORA CALDWELL, as Guardian and Next Friend of JASE QUATAVIOUS NEWELL, a minor; <br><br> Plaintiff, <br><br> v. <br><br> ARAMARK UNIFORM AND CAREER APPAREL, LLC; PENSKE TRUCK LEASING CO., L.P., JOHN WILSON JORDON, <br><br> Defendants. | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, & 1446, Aramark Uniform and Career Apparel, LLC ("Aramark" or "Defendant"), which is the sole served defendant in the above-captioned case, hereby removes this action from the Circuit Court of Jefferson County, Alabama, where it is now pending as Civil Action Number CV-2017-903181, to the United States District Court for the Northern District of Alabama, Southern Division. In support of this Notice of Removal, Defendant asserts and avers as follows:

### FACTUAL ALLEGATIONS SUPPORTING REMOVAL

1. Plaintiff commenced this action as guardian and next fried of Jase Quantavious Newell against Defendant on August 2, 2017, by the filing of a

1

Complaint and Summons in the Circuit Court of Jefferson County, true and correct copies of which are collectively attached to this Notice of Removal as **Exhibit A**, which includes all state court filings.

2. Aramark filed a waiver and acceptance of service in the Circuit Court of Jefferson County on August 3, 2017.

3. Plaintiff is a resident citizen of the State of Alabama, and the minor child is a resident of Alabama. (Compl. at ¶ 1.)

4. As to Defendant Aramark, Plaintiff alleges that it is "a commercial carrier business entity involved in interstate transportation doing business in Jefferson County, Alabama, within the jurisdiction of this Court." (Compl. at ¶ 2.) Defendant alleges, for purposes of establishing this Court's removal jurisdiction, that Defendant Aramark is a limited liability company, whose sole member is Aramark Uniform & Career Apparel Group, Inc., a Delaware corporation with its principal place of business in Pennsylvania. Thus, for diversity purposes, Defendant Aramark is a citizen of the States of Delaware and Pennsylvania. 28 U.S.C. § 1332(c)(1).

5. Plaintiff's Complaint relates to a catastrophic motor vehicle accident that occurred on or about July 24, 2017, on Interstate 65 in Jefferson County, Alabama (the "Accident") between a motor vehicle occupied by a minor child for whom Plaintiff purports to be the legal guardian, and a commercial motor vehicle

owned or operated by Defendant. (Compl. at ¶ 7.) The three other passengers, including the minor child's mother, died in the Accident. A copy of a photograph taken of the vehicle by counsel for Aramark after the Accident is attached as **Exhibit B**. Two other lawsuits on behalf of the deceased have been filed and also removed to this Court. Copies of the complaints are attached as **Exhibit C**.[1] Indeed, another suit has been filed on behalf of the surviving minor child who is the Plaintiff in this action, and it alleges that he "suffered significant trauma and injuries throughout his body." *See* Pickett Complaint.

6.   Plaintiff alleges here that the minor child was injured as a result of the Accident and suffered "multiple traumatic injuries, including injuries to his head and his body as a whole." (Compl. at ¶ 11.) Plaintiff alleges that the minor child "was bruised and contused, suffered severe and permanent injuries, was permanently scarred, suffered severe physical pain and mental anguish, was caused to incur medical expenses and will continue to do so in the future." (*Id.*)

7.   Plaintiff asserts claims for negligence, wantonness, negligent and/or wanton hiring, training and supervision, negligent and/or wanton entrustment, and negligent and/or wanton maintenance, alleging that Defendant negligently, recklessly, wantonly, and/or wrongfully acted or failed to act, thereby severely

---

[1] *See Brew v. Aramark Corp.*, Case No. 2:17-cv-1277 and *Pickett, et al. v. Aramark Services, Inc.*, Case No. 2:17-cv-01282-SGC.

injuring the minor child and causing significant trauma and injuries to him. (*See generally* Compl.)

8. In each *ad damnum* paragraph following each count of Plaintiffs' Complaint, both Plaintiffs seek punitive damages "in an amount to be determined by a struck jury." (Complaint at *ad damnum* clauses to ¶¶ 10-11, 12-15, 16-19, 20-22.)

9. Plaintiff alleges that Aramark is liable for their claimed compensatory and punitive damages, but does not otherwise specify a monetary amount of damages being sought in the Complaint, nor does she limit the claimed damages to an amount below the minimum jurisdictional amount in controversy. (*See generally*, Complaint.) Plaintiff makes a jury demand and request that the jury make an appropriate damages award. (*Id.*)

10. Defendant does not agree that all the damages claimed by Plaintiff are warranted, or that all the damages claimed by Plaintiffs were caused by Defendant's wrongful conduct. Nonetheless, Defendant agrees that if a jury concludes that Defendant is liable to the Plaintiff for all his claimed damages, the damages award will exceed $75,000.00.

## FEDERAL SUBJECT MATTER JURISDICTION EXISTS

11. Pursuant to the federal diversity statute, federal subject matter jurisdiction exists over this civil action because "the matter in controversy exceeds

the sum or value of $75,000, exclusive of interest and costs, and is between . . . (3) citizens of different States." 28 U.S.C. § 1332(a)(1); *see also Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "[T]he party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (quoting *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006)).

12. As demonstrated above, for diversity purposes, Plaintiff is a citizen of Alabama, where the minor child maintains permanent residence and domicile. See 28 U.S.C. § 1332(c) (noting that a guardian is deemed a citizen of the state of the minor). Defendant is deemed to be a citizen of both Delaware, where it is incorporated, and Pennsylvania, where its principal place of business is located. Accordingly, complete diversity exists pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff and the Defendant are "citizens of different States."

13. Although Plaintiff named defendant John Wilson Jordan, a resident of Alabama, he has not been served yet and therefore this Court need not consider his citizenship in deciding whether removal is proper.[2] 28 U.S.C. § 1441(b)(2) states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under Section 1332(a) of this title may not be removed if any of the parties in

---

[2] The same is true for Penske Truck Leasing Co., L.P.

interest properly *joined and served* as defendants is a citizen of the State in which such action is brought." (emphasis added). Courts within the Eleventh Circuit have held that "the plain language of the statute allows a non-forum defendant to remove the case, despite the existence of a yet-unserved forum defendant." *Seong Ho Hwang v. Gladden*, No. 3:16-CV-502-SRW, 2016 WL 9334726, at *5 (M.D. Ala. Dec. 21, 2016); *see also Pathmanathan v. Jackson Nat. Life Ins. Co.*, No. 3:15-CV-347-WHA, 2015 WL 4605757, at *5 (M.D. Ala. July 30, 2015) (same); *North v. Precision Airmotive Corp.*, 600 F.Supp.2d 1263, 1268 (M.D. Fla. 2009) (noting that the "unambiguous text" of the statute gives non-forum defendants the ability to remove a case when a plaintiff has "joined, but not yet served, a forum defendant").

14.   With regard to the amount in controversy, "'[w]here, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.'" *Pretka*, 608 F.3d at 752 (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)); *see also* 28 U.S.C. § 1446(c)(2) (removal statute as recently amended codifying "preponderance of the evidence" with unstated amount in controversy).

15.   In certain circumstances, removal of a complaint that "'does not claim a specific amount of damages . . . is proper if it is facially apparent from the

complaint that the amount in controversy exceeds the jurisdictional requirement.'" *Pretka*, 608 F.3d at 754 (quoting *Williams*, 269 F.3d at 1319).  It is facially apparent from the Complaint in this case that the amount in controversy exceeds the jurisdiction requirement.  *See Roe v. Michelin North America, Inc.*, 637 F. Supp. 2d 995, 998-999 (M.D. Ala. 2009) (finding it "readily deducible" from the facts alleged in complaint that amount-in-controversy requirement is met, and employing "judicial experience and common sense" in concluding that a dispute in which the allegedly wanton conduct of a large company resulting in a death indisputably satisfies the jurisdictional amount), *aff'd*, 613 F.3d 1058 (11th Cir. 2010).

16.   Where instead "'the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.'" *Id*. (quoting *Williams*, 269 F.3d at 1319); *see also McCollough Enters., LLC v. Marvin Windows, Inc.*, No. 09-0573-WS-B, 2009 WL 3615044, at *3 (S.D. Ala. Oct. 29, 2009) ("'A removing defendant can discharge this burden by presenting sufficient evidence that a verdict rendered in favor of the plaintiff would exceed $75,000.'") (quoting *Holman v. Montage Group*, 79 F. Supp. 2d 1328, 1330 (S.D. Ala. 1999)).

17. Where a complaint is removed under the first paragraph of 28 U.S.C. § 1446(b) (within thirty days of initial service), the controlling *Pretka* decision holds that there is "no[] limit [on] the types of evidence that may be used to satisfy the preponderance of the evidence standard." *Pretka*, 608 F.3d at 755, 768. Instead, a removing defendant "may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "their own affidavits, declarations, or other documentation." *Id*. A removing defendant may also include "factual allegations establishing jurisdiction" in the notice of removal if it "can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Id*. at 754.

18. Further, in determining the amount in controversy, each category of damages claimed in a complaint, including "punitive damages[,] must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987); *see also Renfroe v. Allstate Prop. & Cas. Ins. Co.*, 10-00359-CG-B, 2010 WL 4117038, at *4 S.D. Ala. Sept. 23, 2010) (Bivens, M.J.) ("The law is clear that the amount in controversy includes not only compensatory damages, but punitive damages as well.").

19. Plaintiff seeks to recover compensatory and punitive damages for based on the minor child's "multiple traumatic injuries, including injuries to his head and his body as a whole" arising out of a catastrophic accident that killed the other occupants of the vehicle, including the minor child's mother. (Compl. at ¶ 11.) According to Plaintiff, the minor child "was bruised and contused, suffered severe and permanent injuries, was permanently scarred, suffered severe physical pain and mental anguish, was caused to incur medical expenses and will continue to do so in the future." (*Id.*) This is an catastrophic accident involving the minor child that completely destroyed a sports utility vehicle and killed his mother and other two occupants of the vehicle, which includes a sibling. (*See* Ex. B.) The minor child alleges permanent injuries, which presumably means a life-span of treatment for those injuries. In addition, Plaintiff's claimed mental anguish and punitive damages from such a significant and traumatic accident would have to place the amount in controversy above $75,000.00. Accordingly, as demonstrated in this Notice of Removal, if not facially apparent from the Complaint, it is a certainty that the amount in controversy exceeds $75,000.00.

20. Finally, because Defendant files this notice of removal within thirty (30) days of its receiving a copy of the initial pleading, Defendant's notice of removal is timely pursuant to 28 U.S.C. § 1446(b). Accordingly, this case is removable pursuant to 28 U.S.C. § 1441(a)-(b), as original jurisdiction exists and

none of the "parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id*. at § 1441(b)(2).

### ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

21. In accordance with 28 U.S.C. § 1446(a), Defendant has attached as **Exhibit A** true and correct copies of all process, orders, and other papers served on Defendant as of the date of this removal.

22. Attached hereto as **Exhibit D** is a copy of the Notice of Filing this Notice of Removal that is being filed with the clerk of the Circuit Court of Jefferson County, Alabama.

WHEREFORE, Defendant files this Notice of Removal in order to remove the entire state court action under case number 01-CV-2017-903181.00 now pending in the Circuit Court of Jefferson County, Alabama, to this Court for all further proceedings.

Respectfully submitted August 3, 2017.

                                s/Kevin R. Garrison
                                D. KEITH ANDRESS
                                KEVIN R. GARRISON
                                Attorneys for Defendant Aramark

**OF COUNSEL**:
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
1400 Wells Fargo Tower
420 North 20th St.
Birmingham, AL  35203

(205)328-0480 Telephone
(205)322-8007 Facsimile
kandress@bakerdonelson.com
kgarrison@bakerdonelson.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on this the 3rd day of August, 2017, the foregoing has been electronically filed utilizing the Court CM/ECF system, which will send electronic notification to the following counsel of record:

G. Courtney French, Esq.
Michael D. Petway, Esq.
Fuston, Petway & French, LLP
The Luckie Building
600 Luckie Drive, Ste. 300
Birmingham, AL 35223
Phone: 205-977-9798
Fax: 205-977-9799
cfrench@fpflaw.com
mpetway@fpflaw.com

            s/Kevin R. Garrison
            OF COUNSEL