FILED
2017 Aug-03  PM 02:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

ELECTRONICALLY FILED
8/2/2017 2:56 PM
01-CV-2017-903181.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>01<br><br>Date of Filing:<br>08/02/2017 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
**DORA CALDWELL AS GUARDIAN AND NEXT FRIEND OF JASE QUATAVIOUS NEWELL, A MINOR v. ARAMARK**

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

FRE041

8/2/2017 2:56:26 PM
Date

/s/ G. COURTNEY FRENCH MR.
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

ELECTRONICALLY FILED
8/2/2017 2:56 PM
01-CV-2017-903181.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY

| | |
|---|---|
| **DORA CALDWELL, as Guardian and Next Friend of JASE QUATAVIOUS NEWELL, a minor;** | * * * * * * * * |
| | **Civil Action No.:  CV-2017-** |
| **Plaintiff(s),** | **PLAINTIFF DEMAND TRIAL BY STRUCK JURY** |
| **v.** | * * |
| **ARAMARK UNIFORM AND CAREER APPAREL, LLC; PENSKE TRUCK LEASING CO., L.P.; JOHN WILSON JORDAN;** | * * * |

No. 1 whether singular or plural, the correct legal designation of the entity known only to the Plaintiff as **ARAMARK UNIFORM AND CAREER APPAREL, LLC;**

No. 2 whether singular or plural, the correct legal designation of the entity known only to the Plaintiff as **PENSKE TRUCK LEASING CO., L.P.;**

No. 3 whether singular or plural, the correct legal designation of that person known only to the Plaintiff as **JOHN WILSON JORDAN;**

No. 4 whether singular or plural, the person, firm, corporation or entity who or which owned/leased the tractor-trailer which collided with the Plaintiff on the occasion made the basis of this lawsuit;

No. 5 whether singular or plural, the person, firm, corporation or entity for whom the operator of the tractor-trailer which collided with the Plaintiff was acting as agent, servant or employee on the occasion made the basis of this lawsuit;

No. 6 whether singular or plural, the driver of the tractor-trailer which collided with the Plaintiff whose negligent, wanton and/or wrongful conduct caused the Plaintiff's injuries and damages on the occasion made the basis of this lawsuit;

No. 7 whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver, the owner or lessee of the tractor-trailer which collided with the Plaintiff on the occasion made the basis of this lawsuit;

No. 8 whether singular or plural, the correct legal designation of that entity or those entities who or which afforded any uninsured/underinsured insurance coverage to the Plaintiff for the occurrence made the basis of this lawsuit;

No. 9 whether singular or plural, that person, firm, corporation or entity who or which provided maintenance and upkeep on the tractor-trailer which collided with the Plaintiff on the date and occasion made the basis of this lawsuit;

No. 10 whether singular or plural, that person, firm, corporation or entity who or which performed any repair work on the tractor-trailer which collided with the Plaintiff in the occurrence made the basis of this lawsuit;

No. 11 whether singular or plural, that entity or those entities who or which manufactured and/or distributed the tractor-trailer, or any of the component parts thereof, which collided with the Plaintiff in the occurrence made the basis of this lawsuit;

No. 12 whether singular or plural, that entity or those entities who or which was the master or principal of the driver of the tractor-trailer which collided with the Plaintiff in the occurrence made the basis of this lawsuit;

No. 13 whether singular or plural, that person, firm, corporation or entity who or which negligently entrusted the tractor-trailer involved in the occurrence made the basis of this lawsuit to the driver thereof at the time of said occurrence;

No. 14 whether singular or plural, that person, firm, corporation or entity who or which owned/leased the tractor-trailer which collided with the Plaintiff on the occasion made the basis of this lawsuit;

No. 15 whether singular or plural, that entity or those entities who or which afforded any insurance coverage to the owner and/or lessee of the tractor-trailer involved in the occurrence made the basis of this lawsuit;

No. 16 whether singular or plural, that person, firm, corporation or entity who or which repaired, altered and/or maintained the tractor-trailer involved in the occurrence made the basis of this lawsuit;

No. 17 whether singular or plural, that person, firm, corporation or entity who or which tested, inspected, approved, or issued any approval of the tractor-trailer involved in the occurrence made

the basis of this lawsuit, any component part thereof or any attended equipment used or available for use therewith;

No. 18 whether singular or plural, that person, firm, corporation or entity who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and/or hiring of the driver of the tractor-trailer which collided with the Plaintiff on the occasion made the basis of this lawsuit;

No. 19 whether singular or plural, that person, firm, corporation or entity who or which was the holder of the ICC motor carrier permit under which the tractor-trailer which collided with the Plaintiff was being operated on the date and occasion made the basis of this lawsuit;

No. 20 whether singular or plural, that person, firm, corporation or entity other than those entities hereinabove described, which is the successor in interest of any of those entities hereinabove described;

No. 21 whether singular or plural, that person, firm, corporation or entity other than those described hereinabove whose negligent actions or inactions, wantonness, breach of contract or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit. Plaintiff alleges that the identity of the fictitious party Defendants are otherwise unknown at this time, or if known, their identities as proper party Defendants are not known, but their true names will be substituted by amendment when ascertained.

**Defendants.**

## COMPLAINT

## STATEMENT OF THE PARTIES

1.      Plaintiff DORA CALDWELL, as the Guardian and Next Friend of JASE QUATAVIOUS NEWELL, a minor, is over the age of nineteen (19) years and at all times material herein resides in Jefferson County, Alabama, within the jurisdiction of this Court.

2.      Defendant ARAMARK UNIFORM AND CAREER APPAREL, LLC is a commercial carrier business entity involved in interstate transportation doing business in Jefferson County, Alabama, within the jurisdiction of this Court.

3

3.      Defendant PENSKE TRUCK LEASING CO., L.P. is a commercial carrier business entity involved in interstate trunk rental/leasing doing business in Jefferson County, Alabama, within the jurisdiction of this Court.

4.      Defendant JOHN WILSON JORDAN is a resident of the state of Alabama and is over the age of 19 years.  Defendant JOHN WILSON JORDAN was the operator of the tractor-trailer which collided with the JASE QUATAVIOUS NEWELL, a minor, on the date and occasion made the basis of this lawsuit.

5.      Parties-Defendant fictitiously identified as Nos. 1 through 21, whose more correct names and identities are unknown to the Plaintiff at this time, but will be more correctly named when their identities are ascertained, are the respective persons and/or entities who or which fit the descriptions below:

> No. 1 whether singular or plural, the correct legal designation of the entity known only to the Plaintiff as **ARAMARK UNIFORM AND CAREER APPAREL, LLC**;
>
> No. 2 whether singular or plural, the correct legal designation of the entity known only to the Plaintiff as **PENSKE TRUCK LEASING CO., L.P.**;
>
> No. 3 whether singular or plural, the correct legal designation of that person known only to the Plaintiff as **JOHN WILSON JORDAN**;
>
> No. 4 whether singular or plural, the person, firm, corporation or entity who or which owned/leased the tractor-trailer which collided with the Plaintiff on the occasion made the basis of this lawsuit;
>
> No. 5 whether singular or plural, the person, firm, corporation or entity for whom the operator of the tractor-trailer which collided with the Plaintiff was acting as agent, servant or employee on the occasion made the basis of this lawsuit;

4

No. 6 whether singular or plural, the driver of the tractor-trailer which collided with the Plaintiff whose negligent, wanton and/or wrongful conduct caused the Plaintiff's injuries and damages on the occasion made the basis of this lawsuit;

No. 7 whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver, the owner or lessee of the tractor-trailer which collided with the Plaintiff on the occasion made the basis of this lawsuit;

No. 8 whether singular or plural, the correct legal designation of that entity or those entities who or which afforded any uninsured/underinsured insurance coverage to the Plaintiff for the occurrence made the basis of this lawsuit;

No. 9 whether singular or plural, that person, firm, corporation or entity who or which provided maintenance and upkeep on the tractor-trailer which collided with the Plaintiff on the date and occasion made the basis of this lawsuit;

No. 10 whether singular or plural, that person, firm, corporation or entity who or which performed any repair work on the tractor-trailer which collided with the Plaintiff in the occurrence made the basis of this lawsuit;

No. 11 whether singular or plural, that entity or those entities who or which manufactured and/or distributed the tractor-trailer, or any of the component parts thereof, which collided with the Plaintiff in the occurrence made the basis of this lawsuit;

No. 12 whether singular or plural, that entity or those entities who or which was the master or principal of the driver of the tractor-trailer which collided with the Plaintiff in the occurrence made the basis of this lawsuit;

No. 13 whether singular or plural, that person, firm, corporation or entity who or which negligently entrusted the tractor-trailer involved in the occurrence made the basis of this lawsuit to the driver thereof at the time of said occurrence;

5

No. 14 whether singular or plural, that person, firm, corporation or entity who or which owned/leased the tractor-trailer which collided with the Plaintiff on the occasion made the basis of this lawsuit;

No. 15 whether singular or plural, that entity or those entities who or which afforded any insurance coverage to the owner and/or lessee of the tractor-trailer involved in the occurrence made the basis of this lawsuit;

No. 16 whether singular or plural, that person, firm, corporation or entity who or which repaired, altered and/or maintained the tractor-trailer involved in the occurrence made the basis of this lawsuit;

No. 17 whether singular or plural, that person, firm, corporation or entity who or which tested, inspected, approved, or issued any approval of the tractor-trailer involved in the occurrence made the basis of this lawsuit, any component part thereof or any attended equipment used or available for use therewith;

No. 18 whether singular or plural, that person, firm, corporation or entity who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and/or hiring of the driver of the tractor-trailer which collided with the Plaintiff on the occasion made the basis of this lawsuit;

No. 19 whether singular or plural, that person, firm, corporation or entity who or which was the holder of the ICC motor carrier permit under which the tractor-trailer which collided with the Plaintiff was being operated on the date and occasion made the basis of this lawsuit;

No. 20 whether singular or plural, that person, firm, corporation or entity other than those entities hereinabove described, which is the successor in interest of any of those entities hereinabove described;

No. 21 whether singular or plural, that person, firm, corporation or entity other than those described hereinabove whose negligent actions or inactions, wantonness, breach of contract or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit. Plaintiff alleges that the identity of

the fictitious party Defendants are otherwise unknown at this time, or if known, their identities as proper party Defendants are not known, but their true names will be substituted by amendment when ascertained.

## STATEMENT OF THE FACTS

6.　　Plaintiff adopts by reference the foregoing paragraphs as if they were set out in full herein.

7.　　On or about July 24, 2017, Taporsha Marshae Caldwell, deceased, was the driver of the 2002 Ford Explorer who was lawfully operating her vehicle southbound on Interstate I-65 at or near the 16th Street entrance ramp and I-59/20 interchange in Jefferson County, Alabama. The vehicle was occupied by JASE QUATAVIAS NEWELL, a minor.  At said time and place, Defendant JOHN WILSON JORDAN was driving a tractor trailer owned and maintained by Defendants ARAMARK UNIFORM AND CAREER APPAREL, LLC and PENSKE TRUCK LEASING CO., L.P. (and the Defendants fictitiously identified as Nos. 1 – 21), southbound on Interstate I-65 at or near the 16th Street entrance ramp and I-59/20 interchange and said Defendant JOHN WILSON JORDAN negligently and/or wantonly collided into the rear of the vehicle occupied by JASE QUATAVIAS NEWELL, a minor.

8.　　Parties-Defendant fictitiously identified as Nos. 1 through 21, whose more correct names and identities are unknown to the Plaintiff at this time, but will be more correctly named when their identities are ascertained, are the respective persons and/or entities who or which fit the descriptions below:

No. 1 whether singular or plural, the correct legal designation of the entity known only to the Plaintiff as **ARAMARK UNIFORM AND CAREER APPAREL, LLC**;

No. 2 whether singular or plural, the correct legal designation of the entity known only to the Plaintiff as **PENSKE TRUCK LEASING CO., L.P.**;

No. 3 whether singular or plural, the correct legal designation of that person known only to the Plaintiff as **JOHN WILSON JORDAN**;

No. 4 whether singular or plural, the person, firm, corporation or entity who or which owned/leased the tractor-trailer which collided with the Plaintiff on the occasion made the basis of this lawsuit;

No. 5 whether singular or plural, the person, firm, corporation or entity for whom the operator of the tractor-trailer which collided with the Plaintiff was acting as agent, servant or employee on the occasion made the basis of this lawsuit;

No. 6 whether singular or plural, the driver of the tractor-trailer which collided with the Plaintiff whose negligent, wanton and/or wrongful conduct caused the Plaintiff's injuries and damages on the occasion made the basis of this lawsuit;

No. 7 whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver, the owner or lessee of the tractor-trailer which collided with the Plaintiff on the occasion made the basis of this lawsuit;

No. 8 whether singular or plural, the correct legal designation of that entity or those entities who or which afforded any uninsured/underinsured insurance coverage to the Plaintiff for the occurrence made the basis of this lawsuit;

No. 9 whether singular or plural, that person, firm, corporation or entity who or which provided maintenance and upkeep on the tractor-trailer which collided with the Plaintiff on the date and occasion made the basis of this lawsuit;

No. 10 whether singular or plural, that person, firm, corporation or entity who or which performed any repair work on the tractor-trailer which collided with the Plaintiff in the occurrence made the basis of this lawsuit;

No. 11 whether singular or plural, that entity or those entities who or which manufactured and/or distributed the tractor-trailer, or any of the component parts thereof, which collided with the Plaintiff in the occurrence made the basis of this lawsuit;

No. 12 whether singular or plural, that entity or those entities who or which was the master or principal of the driver of the tractor-trailer which collided with the Plaintiff in the occurrence made the basis of this lawsuit;

No. 13 whether singular or plural, that person, firm, corporation or entity who or which negligently entrusted the tractor-trailer involved in the occurrence made the basis of this lawsuit to the driver thereof at the time of said occurrence;

No. 14 whether singular or plural, that person, firm, corporation or entity who or which owned/leased the tractor-trailer which collided with the Plaintiff on the occasion made the basis of this lawsuit;

No. 15 whether singular or plural, that entity or those entities who or which afforded any insurance coverage to the owner and/or lessee of the tractor-trailer involved in the occurrence made the basis of this lawsuit;

No. 16 whether singular or plural, that person, firm, corporation or entity who or which repaired, altered and/or maintained the tractor-trailer involved in the occurrence made the basis of this lawsuit;

No. 17 whether singular or plural, that person, firm, corporation or entity who or which tested, inspected, approved, or issued any approval of the tractor-trailer involved in the occurrence made the basis of this lawsuit, any component part thereof or any attended equipment used or available for use therewith;

No. 18 whether singular or plural, that person, firm, corporation or entity who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and/or hiring of the driver of the tractor-trailer which collided with the Plaintiff on the occasion made the basis of this lawsuit;

No. 19 whether singular or plural, that person, firm, corporation or entity who or which was the holder of the ICC motor carrier permit under which the tractor-trailer which collided with the Plaintiff was being operated on the date and occasion made the basis of this lawsuit;

No. 20 whether singular or plural, that person, firm, corporation or entity other than those entities hereinabove described, which is the successor in interest of any of those entities hereinabove described;

No. 21 whether singular or plural, that person, firm, corporation or entity other than those described hereinabove whose negligent actions or inactions, wantonness, breach of contract or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit. Plaintiff alleges that the identity of the fictitious party Defendants are otherwise unknown at this time, or if known, their identities as proper party Defendants are not known, but their true names will be substituted by amendment when ascertained.

## COUNT ONE

### NEGLIGENCE/WANTONNESS

9.     Plaintiff adopts and re-alleges the foregoing Paragraphs, as if fully set forth herein.

10.     On or about July 24, 2017, Taporsha Marshae Caldwell, deceased, was the driver of the 2002 Ford Explorer who was lawfully operating her vehicle southbound on I-65 at or near the 16th Street entrance ramp and I-59/20 interchange in Jefferson County, Alabama. At said time and place, Defendant JOHN WILSON JORDAN was driving a tractor trailer owned and maintained by Defendants ARAMARK UNIFORM AND CAREER APPAREL, LLC and PENSKE TRUCK LEASING CO., L.P. (and the Defendants fictitiously identified as Nos. 1 – 21), southbound on I-65 at or near the 16th Street entrance ramp and I-59/20 interchange in Jefferson

County, Alabama and said Defendant JOHN WILSON JORDAN negligently and/or wantonly collided into the rear of the vehicle occupied by JASE QUATAVIAS NEWELL, a minor.

11.     Plaintiff further alleges that as a proximate consequence of the negligence and/or wantonness of the Defendants (and the Defendants fictitiously identified as Nos. 1 – 21), Plaintiff JASE QUATAVIOUS NEWELL, a minor, by and through his Guardian and Next Friend, Dora Caldwell, suffered multiple traumatic injuries, including injuries to his head and his body as a whole.  He was bruised and contused, suffered severe and permanent injuries, was permanently scarred, suffered severe physical pain and mental anguish, was caused to incur medical expenses and will continue to do so in the future.

WHEREFORE, Plaintiff JASE QUATAVIOUS NEWELL, a minor, by and through his Guardian and Next Friend, demands compensatory and punitive damages against the Defendants ARAMARK UNIFORM AND CAREER APPAREL, LLC, PENSKE TRUCK LEASING CO., L.P. (and the Defendants fictitiously identified as Nos. 1 – 21) and Defendant JOHN WILSON JORDAN in an amount to be determined by a struck jury, plus interest and costs.

## COUNT TWO

### NEGLIGENT/WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT ARAMARK UNIFORM AND CAREER APPAREL, LLC

12.     Plaintiff re-alleges each and every previous allegation as if fully set forth herein.

13.     Defendant ARAMARK UNIFORM AND CAREER APPAREL, LLC, (and the Defendants fictitiously identified as Nos. 1 – 21) had a duty to properly hire, train and supervise safe and competent drivers.

14.     Defendant ARAMARK UNIFORM AND CAREER APPAREL, LLC, (and the Defendants fictitiously identified as Nos. 1 – 21) breached its duty owed to the public, including

Plaintiff, Dora Caldwell, as Guardian and Next Friend of JASE QUATAVIOUS NEWELL, a minor, by negligently and/or wantonly hiring, training and supervising the Defendant JOHN WILSON JORDAN, proximately causing the collision described in this Complaint.

15.     As a proximate consequence of said negligence and/or wantonness of the Defendant ARAMARK UNIFORM AND CAREER APPAREL, LLC, (and the Defendants fictitiously identified as Nos. 1 – 21), Plaintiff JASE QUATAVIOUS NEWELL, a minor, by and through his Guardian and Next Friend, Dora Caldwell, was caused to suffer the injuries and damages described herein.

WHEREFORE, Plaintiff JASE QUATAVIOUS NEWELL, a minor, by and through his Guardian and Next Friend, Dora Caldwell, demands compensatory and punitive damages against the Defendant ARAMARK UNIFORM AND CAREER APPAREL, LLC, (and the Defendants fictitiously identified as Nos. 1 – 21) in an amount to be determined by a struck jury, plus interest and costs.

## COUNT THREE

### NEGLIGENT/WANTON ENTRUSTMENT
### BY DEFENDANTS ARAMARK UNIFORM AND CAREER APPAREL, LLC AND PENSKE TRUCK LEASING CO., L.P.

16.     Plaintiff re-alleges each and every previous allegation as if fully set forth herein.

17.     Defendants ARAMARK UNIFORM AND CAREER APPAREL, LLC, PENSKE TRUCK LEASING CO., L.P. (and the Defendants fictitiously identified as Nos. 1 – 21) had a duty to only entrust its company vehicle to safe and competent drivers.

18.     Defendants ARAMARK UNIFORM AND CAREER APPAREL, LLC, PENSKE TRUCK LEASING CO., L.P. (and the Defendants fictitiously identified as Nos. 1 – 21) breached its duty owed to the public, including JASE QUATAVIOUS NEWELL, a minor, by and through

12

his Guardian and Next Friend, Dora Caldwell, by negligently and/or wantonly entrusting its tractor trailer to Defendant JOHN WILSON JORDAN, who they knew or should have known was an incompetent driver, proximately resulting in the collision described in this Complaint.

19.     As a proximate consequence of said negligent and/or wanton entrustment of the Defendants ARAMARK UNIFORM AND CAREER APPAREL, LLC, PENSKE TRUCK LEASING CO., L.P. (and the Defendants fictitiously identified as Nos. 1 – 21), Plaintiff JASE QUATAVIOUS NEWELL, a minor, by and through his Guardian and Next Friend, Dora Caldwell, was caused to suffer the injuries and damages described herein.

WHEREFORE, Plaintiff JASE QUATAVIOUS NEWELL, a minor, by and through his Guardian and Next Friend, Dora Caldwell, demands compensatory and punitive damages against the Defendants ARAMARK UNIFORM AND CAREER APPAREL, LLC, PENSKE TRUCK LEASING CO., L.P. (and the Defendants fictitiously identified as Nos. 1 – 21) in an amount to be determined by a struck jury, plus interest and costs.

## COUNT FOUR

### NEGLIGENT/WANTON MAINTENANCE
### BY DEFENDANTS ARAMARK UNIFORM AND CAREER APPAREL, LLC AND
### PENSKE TRUCK LEASING CO., L.P.

20.     Plaintiff re-alleges each and every previous allegation as if fully set forth herein.

21.     On or about July 24, 2017, Defendants ARAMARK UNIFORM AND CAREER APPAREL, LLC, PENSKE TRUCK LEASING CO., L.P. (and Defendants fictitiously identified as Nos. 1 - 21) caused or allowed their tractor trailer to operate on the public roadways in an unsafe condition.  More particularly, the named and fictitious defendants negligently and/or wantonly maintained, inspected and/or repaired the commercial vehicle so that it was unsafe to the motoring public, including Plaintiff.

13

22.     As a proximate consequence of said negligent and/or wanton conduct of the Defendants ARAMARK UNIFORM AND CAREER APPAREL, LLC, PENSKE TRUCK LEASING CO., L.P. (and the Defendants fictitiously identified as Nos. 1 – 21), Plaintiff JASE QUATAVIOUS NEWELL, a minor, by and through his Guardian and Next Friend, Dora Caldwell, was caused to suffer the injuries and damages described herein.

WHEREFORE, Plaintiff JASE QUATAVIOUS NEWELL, a minor, by and through his Guardian and Next Friend, Dora Caldwell, demands compensatory and punitive damages against the Defendants ARAMARK UNIFORM AND CAREER APPAREL, LLC, PENSKE TRUCK LEASING CO., L.P. (and the Defendants fictitiously identified as Nos. 1 – 21) in an amount to be determined by a struck jury, plus interest and costs.

Respectfully submitted,

/s/ G. Courtney French
G. COURTNEY FRENCH

/s/ Michael D. Petway
MICHAEL D. PETWAY
Counsel for Plaintiff

**OF COUNSEL:**
FUSTON, PETWAY & FRENCH, LLP
The Luckie Building
600 Luckie Drive, Ste. 300
Birmingham, AL 35223
Phone: 205-977-9798
Fax: 205-977-9799
cfrench@fpflaw.com
mpetway@fpflaw.com

**SERVE DEFENDANTS BY CERTIFIED MAIL:**
ARAMARK UNIFORM AND CAREER APPAREL, LLC
c/o C T CORPORATION SYSTEM
2 NORTH JACKSON ST., SUITE 605
MONTGOMERY, AL 36104

PENSKE TRUCK LEASING CO., L.P.
c/o CORPORATION SERVICE COMPANY, INC.
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL  36104

**<u>SERVE DEFENDANT BY PRIVATE PROCESS SERVER:</u>**

JOHN WILSON JORDAN
6550 COUNTY ROAD 490
HANCEVILLE, AL  35077



AlaFile E-Notice

01-CV-2017-903181.00

To:   G. COURTNEY FRENCH MR.
      cfrench@fpflaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DORA CALDWELL AS GUARDIAN AND NEXT FRIEND OF JASE QUATAVIOUS NEWELL, A
01-CV-2017-903181.00

The following complaint was FILED on 8/2/2017 2:57:14 PM

Notice Date:      8/2/2017 2:57:14 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903181.00

To:  JOHN WILSON JORDAN
     6550 COUNTY ROAD 490
     HANCEVILLE, AL, 35077

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DORA CALDWELL AS GUARDIAN AND NEXT FRIEND OF JASE QUATAVIOUS NEWELL, A
01-CV-2017-903181.00

The following complaint was FILED on 8/2/2017 2:57:14 PM

Notice Date:     8/2/2017 2:57:14 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903181.00

To:  ARAMARK UNIFORM & CAREER APPAREL, LLC C/O CT CORP
     SYSTEM, 2 NO. JACKSON ST
     SUITE 605
     MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DORA CALDWELL AS GUARDIAN AND NEXT FRIEND OF JASE QUATAVIOUS NEWELL, A
01-CV-2017-903181.00

The following complaint was FILED on 8/2/2017 2:57:14 PM

Notice Date:     8/2/2017 2:57:14 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903181.00

To:  PENSKE TRUCK LEASING CO., LP, C/O
CORP. SERVICE CO. INC.,
641 SO. LAWRENCE ST
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DORA CALDWELL AS GUARDIAN AND NEXT FRIEND OF JASE QUATAVIOUS NEWELL, A
01-CV-2017-903181.00

The following complaint was FILED on 8/2/2017 2:57:14 PM

Notice Date:      8/2/2017 2:57:14 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2017-903181.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### DORA CALDWELL AS GUARDIAN AND NEXT FRIEND OF JASE QUATAVIOUS NEWELL, A

**NOTICE TO:** JOHN WILSON JORDAN, 6550 COUNTY ROAD 490, HANCEVILLE, AL 35077
_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
G. COURTNEY FRENCH MR.
_____,
*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 600 LUCKIE DRIVE, SUITE 300, BIRMINGHAM, AL 35223
_____.
*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.                                          *(Name(s))*

| 8/2/2017 2:57:14 PM | /s/ ANNE-MARIE ADAMS | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.     _____
*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*                      *(Name of County)*

Alabama on _____.
*(Date)*

_____     _____     _____
*(Type of Process Server)*            *(Server's Signature)*            *(Address of Server)*

                                  _____     _____
                                  *(Server's Printed Name)*           *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2017-903181.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## DORA CALDWELL AS GUARDIAN AND NEXT FRIEND OF JASE QUATAVIOUS NEWELL, A

**NOTICE TO:** ARAMARK UNIFORM & CAREER APPAREL, LLC C/O CT CORP, SYSTEM, 2 NO. JACKSON ST SUITE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
G. COURTNEY FRENCH MR.

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 600 LUCKIE DRIVE, SUITE 300, BIRMINGHAM, AL 35223

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DORA CALDWELL AS GUARDIAN AND NEXT FRIEND OF JASE QUATAVIOUS NEWELL, A MINOR

*(Name(s))*

pursuant to the Alabama Rules of the Civil Procedure.

| 8/2/2017 2:57:14 PM | /s/ ANNE-MARIE ADAMS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ G. COURTNEY FRENCH MR.

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*         *(Name of County)*

Alabama on _____ .

*(Date)*

_____         _____         *(Address of Server)*

*(Type of Process Server)*         *(Server's Signature)*

_____         _____

*(Server's Printed Name)*         *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>01-CV-2017-903181.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**DORA CALDWELL AS GUARDIAN AND NEXT FRIEND OF JASE QUATAVIOUS NEWELL, A**

**NOTICE TO:** PENSKE TRUCK LEASING CO., LP, C/O, CORP. SERVICE CO. INC., 641 SO. LAWRENCE ST, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), G. COURTNEY FRENCH MR.                                                                                                          ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 600 LUCKIE DRIVE, SUITE 300, BIRMINGHAM, AL 35223                                    .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DORA CALDWELL AS GUARDIAN AND NEXT FRIEND OF JASE QUATAVIOUS NEWELL, A MINOR

*(Name(s))*

pursuant to the Alabama Rules of the Civil Procedure.

| 8/2/2017 2:57:14 PM | /s/ ANNE-MARIE ADAMS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ G. COURTNEY FRENCH MR.

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                    *(Name of County)*

Alabama on _____ .

*(Date)*

_____            _____

*(Type of Process Server)*                    *(Address of Server)*

_____            _____

*(Server's Signature)*

_____            _____

*(Server's Printed Name)*                    *(Phone Number of Server)*



AlaFile E-Notice

01-CV-2017-903181.00

To:   KEVIN RAY GARRISON
      krgarrison@bakerdonelson.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DORA CALDWELL AS GUARDIAN AND NEXT FRIEND OF JASE QUATAVIOUS NEWELL, A
01-CV-2017-903181.00

The following NOTICE OF APPEARANCE was FILED on 8/3/2017 12:39:14 PM

Notice Date:      8/3/2017 12:39:14 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
8/3/2017 12:38 PM
01-CV-2017-903181.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| DORA CALDWELL, as Guardian and Next Friend of JASE QUATAVIOUS NEWELL, a minor; | ) ) ) ) | |
| Plaintiff(s), | ) ) | |
| v. | ) ) | Case No.: CV-2017-903181 |
| ARAMARK UNIFORM AND CAREER APPAREL, LLC; PENSKE TRUCK LEASING CO., L.P.; JOHN WILSON JORDAN; | ) ) ) ) ) | |
| Defendants. | ) | |

### ARAMARK UNIFORM AND CAREER APPAREL, LLC'S ACCEPTANCE/ WAIVER OF SERVICE

COMES NOW Aramark Uniform and Career Apparel, LLC ("Aramark") and, pursuant to Ala. R. Civ. P. 4(h), waives service of process in this action, and hereby requests that any documents, pleadings, or orders be sent to Aramark's counsel of record, Keith Andress, Esq., and Kevin Garrison, Esq., at Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, located at 420 N. 20th Street, Suite 1400, Birmingham, Alabama 35203.

APPROVED BY:

**Aramark Uniform and Career Apparel, LLC**

By: _____

Its: _____

Respectfully submitted _August 3_, 2017

_____
D. KEITH ANDRESS (AND053)
KEVIN R. GARRISON (GAR096)

Attorneys for Aramark

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
1400 Wells Fargo Tower
420 North 20th Street
Birmingham, AL 35203
(205)328-0480 Telephone
(205)322-8007 Facsimile
kandress@bakerdonelson.com
kgarrison@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2017, the foregoing has been filed utilizing the Court's electronic filing system, which will send electronic notification to the following counsel of record:

Michael D. Petway
G. Courtney French
FUSTON, PETWAY & FRENCH, LLP
600 Luckie Drive, Suite 300
Birmingham, AL 35223
mpetway@fpflaw.com
gfrench@fpflaw.com

Penske Truck Leasing Co., L.P.
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

John Wilson Jordan
6550 County Road 490
Hanceville, AL 35077

OF COUNSEL

2



AlaFile E-Notice

01-CV-2017-903181.00

To:   KEVIN RAY GARRISON
      krgarrison@bakerdonelson.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DORA CALDWELL AS GUARDIAN AND NEXT FRIEND OF JASE QUATAVIOUS NEWELL, A
01-CV-2017-903181.00

The following NOTICE OF APPEARANCE was FILED on 8/3/2017 12:39:14 PM

Notice Date:        8/3/2017 12:39:14 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903181.00

To: ARAMARK UNIFORM & CAREER APPAREL, LLC C/O CT CORP (P
SYSTEM, 2 NO. JACKSON ST
SUITE 605
MONTGOMERY, AL, 36104-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DORA CALDWELL AS GUARDIAN AND NEXT FRIEND OF JASE QUATAVIOUS NEWELL, A
01-CV-2017-903181.00

The following NOTICE OF APPEARANCE was FILED on 8/3/2017 12:39:14 PM

Notice Date:        8/3/2017 12:39:14 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903181.00

To:  PENSKE TRUCK LEASING CO., LP, C/O (PRO SE)
CORP. SERVICE CO. INC.,
641 SO. LAWRENCE ST
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DORA CALDWELL AS GUARDIAN AND NEXT FRIEND OF JASE QUATAVIOUS NEWELL, A
01-CV-2017-903181.00

The following NOTICE OF APPEARANCE was FILED on 8/3/2017 12:39:14 PM

Notice Date:        8/3/2017 12:39:14 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903181.00

To:   JORDAN JOHN WILSON (PRO SE)
6550 COUNTY ROAD 490
HANCEVILLE, AL, 35077-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DORA CALDWELL AS GUARDIAN AND NEXT FRIEND OF JASE QUATAVIOUS NEWELL, A
01-CV-2017-903181.00

The following NOTICE OF APPEARANCE was FILED on 8/3/2017 12:39:14 PM

Notice Date:     8/3/2017 12:39:14 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903181.00

To:  FRENCH GEORGE COURTNEY
     cfrench@fpflaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DORA CALDWELL AS GUARDIAN AND NEXT FRIEND OF JASE QUATAVIOUS NEWELL, A
01-CV-2017-903181.00

The following NOTICE OF APPEARANCE was FILED on 8/3/2017 12:39:14 PM

Notice Date:      8/3/2017 12:39:14 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903181.00

To:  PETWAY MICHAEL DOUGLAS
     mpetway@fplaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DORA CALDWELL AS GUARDIAN AND NEXT FRIEND OF JASE QUATAVIOUS NEWELL, A
01-CV-2017-903181.00

The following NOTICE OF APPEARANCE was FILED on 8/3/2017 12:39:14 PM

Notice Date:     8/3/2017 12:39:14 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903181.00

To:  KEVIN RAY GARRISON
     krgarrison@bakerdonelson.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DORA CALDWELL AS GUARDIAN AND NEXT FRIEND OF JASE QUATAVIOUS NEWELL, A
01-CV-2017-903181.00

The following NOTICE OF REMOVAL was FILED on 8/3/2017 12:40:35 PM

Notice Date:      8/3/2017 12:40:35 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
8/3/2017 12:39 PM
01-CV-2017-903181.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| **DORA CALDWELL, as Guardian** | ) |
| **and Next Friend of JASE QUATAVIOUS** | ) |
| **NEWELL, a minor;** | ) |
| | ) |
| **Plaintiff(s),** | ) |
| | ) |
| **v.** | )     **Case No.: CV-2017-903181** |
| | ) |
| **ARAMARK UNIFORM AND CAREER** | ) |
| **APPAREL, LLC; PENSKE TRUCK** | ) |
| **LEASING CO., L.P.; JOHN WILSON** | ) |
| **JORDAN;** | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE OF FILING OF NOTICE OF REMOVAL

Please take note that Defendant Aramark Uniform and Career Apparel, LLC ("Aramark")

has caused to be filed on the 3rd day of August, 2017, in the United States District Court for the

Northern District of Alabama, Southern Division, a Notice of Removal for the above-styled

action to said court. A copy of the Notice of Removal is attached hereto as **Exhibit A**.


Respectfully submitted,


/s/  Kevin R. Garrison
KEVIN R. GARRISON (GAR096)
D. KEITH ANDRESS (AND053)
Attorneys for Aramark


**OF COUNSEL**:

BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
1400 Wells Fargo Tower
420 North 20th Street
Birmingham, Alabama  35203
(205) 328-0480


4839-6793-5564 v1
2789891-000183 08/03/2017

kgarrison@bakerdonelson.com
kandress@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was served upon the below-listed counsel by using the AlaFile e-filing system and/or First Class United States Mail, properly addressed and postage prepaid, this the 3rd day of August, 2017:

Michael D. Petway
G. Courtney French
FUSTON, PETWAY & FRENCH, LLP
600 Luckie Drive, Suite 300
Birmingham, AL 35223
mpetway@fpflaw.com
gfrench@fpflaw.com

Penske Truck Leasing Co., L.P.
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

John Wilson Jordan
6550 County Road 490
Hanceville, AL 35077

s/ Kevin R. Garrison
Of Counsel

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DORA CALDWELL, as Guardian | ) | |
| and Next Friend of JASE | ) | |
| QUATAVIOUS NEWELL, a minor; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| ARAMARK UNIFORM AND | ) | |
| CAREER APPAREL, LLC; | ) | |
| PENSKE TRUCK LEASING CO., | ) | |
| L.P., JOHN WILSON JORDON, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, & 1446, Aramark Uniform and Career Apparel, LLC ("Aramark" or "Defendant"), which is the sole served defendant in the above-captioned case, hereby removes this action from the Circuit Court of Jefferson County, Alabama, where it is now pending as Civil Action Number CV-2017-903181, to the United States District Court for the Northern District of Alabama, Southern Division.  In support of this Notice of Removal, Defendant asserts and avers as follows:

## FACTUAL ALLEGATIONS SUPPORTING REMOVAL

1.     Plaintiff commenced this action as guardian and next fried of Jase Quantavious Newell against Defendant on August 2, 2017, by the filing of a

Complaint and Summons in the Circuit Court of Jefferson County, true and correct copies of which are collectively attached to this Notice of Removal as **Exhibit A**, which includes all state court filings.

2.      Aramark filed a waiver and acceptance of service in the Circuit Court of Jefferson County on August 3, 2017.

3.      Plaintiff is a resident citizen of the State of Alabama, and the minor child is a resident of Alabama. (Compl. at ¶ 1.)

4.      As to Defendant Aramark, Plaintiff alleges that it is "a commercial carrier business entity involved in interstate transportation doing business in Jefferson County, Alabama, within the jurisdiction of this Court."  (Compl. at ¶ 2.) Defendant alleges, for purposes of establishing this Court's removal jurisdiction, that Defendant Aramark is a limited liability company, whose sole member is Aramark Uniform & Career Apparel Group, Inc., a Delaware corporation with its principal place of business in Pennsylvania. Thus, for diversity purposes, Defendant Aramark is a citizen of the States of Delaware and Pennsylvania.  28 U.S.C. § 1332(c)(1).

5.      Plaintiff's Complaint relates to a catastrophic motor vehicle accident that occurred on or about July 24, 2017, on Interstate 65 in Jefferson County, Alabama (the "Accident") between a motor vehicle occupied by a minor child for whom Plaintiff purports to be the legal guardian, and a commercial motor vehicle

owned or operated by Defendant.  (Compl. at ¶ 7.)   The three other passengers, including the minor child's mother, died in the Accident. A copy of a photograph taken of the vehicle by counsel for Aramark after the Accident is attached as **Exhibit B**. Two other lawsuits on behalf of the deceased have been filed and also removed to this Court. Copies of the complaints are attached as **Exhibit C**.[1] Indeed, another suit has been filed on behalf of the surviving minor child who is the Plaintiff in this action, and it alleges that he "suffered significant trauma and injuries throughout his body." *See* Pickett Complaint.

6.     Plaintiff alleges here that the minor child was injured as a result of the Accident and suffered "multiple traumatic injuries, including injuries to his head and his body as a whole."  (Compl. at ¶ 11.) Plaintiff alleges that the minor child "was bruised and contused, suffered severe and permanent injuries, was permanently scarred, suffered severe physical pain and mental anguish, was caused to incur medical expenses and will continue to do so in the future." (*Id.*)

7.     Plaintiff asserts claims for negligence, wantonness, negligent and/or wanton hiring, training and supervision, negligent and/or wanton entrustment, and negligent and/or wanton maintenance, alleging that Defendant negligently, recklessly, wantonly, and/or wrongfully acted or failed to act, thereby severely

---

[1] *See Brew v. Aramark Corp.*, Case No. 2:17-cv-1277 and *Pickett, et al. v. Aramark Services, Inc.*, Case No. 2:17-cv-01282-SGC.

injuring the minor child and causing significant trauma and injuries to him.  (*See generally* Compl.)

8.     In each *ad damnum* paragraph following each count of Plaintiffs' Complaint, both Plaintiffs seek punitive damages "in an amount to be determined by a struck jury."  (Complaint at *ad damnum* clauses to ¶¶ 10-11, 12-15, 16-19, 20-22.)

9.     Plaintiff alleges that Aramark is liable for their claimed compensatory and punitive damages, but does not otherwise specify a monetary amount of damages being sought in the Complaint, nor does she limit the claimed damages to an amount below the minimum jurisdictional amount in controversy. (*See generally*, Complaint.)  Plaintiff makes a jury demand and request that the jury make an appropriate damages award.  (*Id.*)

10.     Defendant does not agree that all the damages claimed by Plaintiff are warranted, or that all the damages claimed by Plaintiffs were caused by Defendant's wrongful conduct.   Nonetheless, Defendant agrees that if a jury concludes that Defendant is liable to the Plaintiff for all his claimed damages, the damages award will exceed $75,000.00.

## **FEDERAL SUBJECT MATTER JURISDICTION EXISTS**

11.     Pursuant to the federal diversity statute, federal subject matter jurisdiction exists over this civil action because "the matter in controversy exceeds

the sum or value of $75,000, exclusive of interest and costs, and is between . . . (3) citizens of different States."   28 U.S.C. § 1332(a)(1); *see also Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).   "[T]he party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction."   *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (quoting *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006)).

12.   As demonstrated above, for diversity purposes, Plaintiff is a citizen of Alabama, where the minor child maintains permanent residence and domicile. See 28 U.S.C. § 1332(c) (noting that a guardian is deemed a citizen of the state of the minor). Defendant is deemed to be a citizen of both Delaware, where it is incorporated, and Pennsylvania, where its principal place of business is located. Accordingly, complete diversity exists pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiff and the Defendant are "citizens of different States."

13.   Although Plaintiff named defendant John Wilson Jordan, a resident of Alabama, he has not been served yet and therefore this Court need not consider his citizenship in deciding whether removal is proper.[2] 28 U.S.C. § 1441(b)(2) states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under Section 1332(a) of this title may not be removed if any of the parties in

---

[2] The same is true for Penske Truck Leasing Co., L.P.

interest properly *joined and served* as defendants is a citizen of the State in which such action is brought." (emphasis added). Courts within the Eleventh Circuit have held that "the plain language of the statute allows a non-forum defendant to remove the case, despite the existence of a yet-unserved forum defendant." *Seong Ho Hwang v. Gladden*, No. 3:16-CV-502-SRW, 2016 WL 9334726, at *5 (M.D. Ala. Dec. 21, 2016); *see also Pathmanathan v. Jackson Nat. Life Ins. Co.*, No. 3:15-CV-347-WHA, 2015 WL 4605757, at *5 (M.D. Ala. July 30, 2015) (same); *North v. Precision Airmotive Corp.*, 600 F.Supp.2d 1263, 1268 (M.D. Fla. 2009) (noting that the "unambiguous text" of the statute gives non-forum defendants the ability to remove a case when a plaintiff has "joined, but not yet served, a forum defendant").

14.    With regard to the amount in controversy, "'[w]here, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.'" *Pretka*, 608 F.3d at 752 (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)); *see also* 28 U.S.C. § 1446(c)(2) (removal statute as recently amended codifying "preponderance of the evidence" with unstated amount in controversy).

15.    In certain circumstances, removal of a complaint that "'does not claim a specific amount of damages . . . is proper if it is facially apparent from the

6

complaint that the amount in controversy exceeds the jurisdictional requirement.'"
*Pretka*, 608 F.3d at 754 (quoting *Williams*, 269 F.3d at 1319).   It is facially
apparent from the Complaint in this case that the amount in controversy exceeds
the jurisdiction requirement.   *See Roe v. Michelin North America, Inc.*, 637 F.
Supp. 2d 995, 998-999 (M.D. Ala. 2009) (finding it "readily deducible" from the
facts alleged in complaint that amount-in-controversy requirement is met, and
employing "judicial experience and common sense" in concluding that a dispute in
which the allegedly wanton conduct of a large company resulting in a death
indisputably satisfies the jurisdictional amount), *aff'd*, 613 F.3d 1058 (11th Cir.
2010).

16.   Where instead "'the jurisdictional amount is not facially apparent
from the complaint, the court should look to the notice of removal and may require
evidence relevant to the amount in controversy at the time the case was removed.'"
*Id*. (quoting *Williams*, 269 F.3d at 1319); *see also McCollough Enters., LLC v.
Marvin Windows, Inc.*, No. 09-0573-WS-B, 2009 WL 3615044, at *3 (S.D. Ala.
Oct. 29, 2009) ("'A removing defendant can discharge this burden by presenting
sufficient evidence that a verdict rendered in favor of the plaintiff would exceed
$75,000.'") (quoting *Holman v. Montage Group*, 79 F. Supp. 2d 1328, 1330 (S.D.
Ala. 1999)).

17.     Where a complaint is removed under the first paragraph of 28 U.S.C. § 1446(b) (within thirty days of initial service), the controlling *Pretka* decision holds that there is "no[] limit [on] the types of evidence that may be used to satisfy the preponderance of the evidence standard." *Pretka*, 608 F.3d at 755, 768. Instead, a removing defendant "may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "their own affidavits, declarations, or other documentation." *Id*.   A removing defendant may also include "factual allegations establishing jurisdiction" in the notice of removal if it "can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Id*. at 754.

18.     Further, in determining the amount in controversy, each category of damages claimed in a complaint, including "punitive damages[,] must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987); *see also Renfroe v. Allstate Prop. & Cas. Ins. Co.*, 10-00359-CG-B, 2010 WL 4117038, at *4 S.D. Ala. Sept. 23, 2010) (Bivens, M.J.) ("The law is clear that the amount in controversy includes not only compensatory damages, but punitive damages as well.").

19.    Plaintiff seeks to recover compensatory and punitive damages for based on the minor child's "multiple traumatic injuries, including injuries to his head and his body as a whole" arising out of a catastrophic accident that killed the other occupants of the vehicle, including the minor child's mother. (Compl. at ¶ 11.) According to Plaintiff, the minor child "was bruised and contused, suffered severe and permanent injuries, was permanently scarred, suffered severe physical pain and mental anguish, was caused to incur medical expenses and will continue to do so in the future." (*Id.*) This is an catastrophic accident involving the minor child that completely destroyed a sports utility vehicle and killed his mother and other two occupants of the vehicle, which includes a sibling. (*See* Ex. B.) The minor child alleges permanent injuries, which presumably means a life-span of treatment for those injuries. In addition, Plaintiff's claimed mental anguish and punitive damages from such a significant and traumatic accident would have to place the amount in controversy above $75,000.00.  Accordingly, as demonstrated in this Notice of Removal, if not facially apparent from the Complaint, it is a certainty that the amount in controversy exceeds $75,000.00.

20.    Finally, because Defendant files this notice of removal within thirty (30) days of its receiving a copy of the initial pleading, Defendant's notice of removal is timely pursuant to 28 U.S.C. § 1446(b). Accordingly, this case is removable pursuant to 28 U.S.C. § 1441(a)-(b), as original jurisdiction exists and

none of the "parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id*. at § 1441(b)(2).

## **ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED**

21.   In accordance with 28 U.S.C. § 1446(a), Defendant has attached as **Exhibit A** true and correct copies of all process, orders, and other papers served on Defendant as of the date of this removal.

22.   Attached hereto as **Exhibit D** is a copy of the Notice of Filing this Notice of Removal that is being filed with the clerk of the Circuit Court of Jefferson County, Alabama.

WHEREFORE, Defendant files this Notice of Removal in order to remove the entire state court action under case number 01-CV-2017-903181.00 now pending in the Circuit Court of Jefferson County, Alabama, to this Court for all further proceedings.

Respectfully submitted August 3, 2017.

  s/Kevin R. Garrison
D. KEITH ANDRESS
KEVIN R. GARRISON
Attorneys for Defendant Aramark

**OF COUNSEL**:
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
1400 Wells Fargo Tower
420 North 20th St.
Birmingham, AL  35203

10

(205)328-0480 Telephone
(205)322-8007 Facsimile
kandress@bakerdonelson.com
kgarrison@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of August, 2017, the foregoing has been electronically filed utilizing the Court CM/ECF system, which will send electronic notification to the following counsel of record:

G. Courtney French, Esq.
Michael D. Petway, Esq.
Fuston, Petway & French, LLP
The Luckie Building
600 Luckie Drive, Ste. 300
Birmingham, AL 35223
Phone: 205-977-9798
Fax: 205-977-9799
cfrench@fpflaw.com
mpetway@fpflaw.com

s/Kevin R. Garrison
OF COUNSEL



AlaFile E-Notice

01-CV-2017-903181.00

To: KEVIN RAY GARRISON
krgarrison@bakerdonelson.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DORA CALDWELL AS GUARDIAN AND NEXT FRIEND OF JASE QUATAVIOUS NEWELL, A
01-CV-2017-903181.00

The following NOTICE OF REMOVAL was FILED on 8/3/2017 12:40:35 PM

Notice Date:        8/3/2017 12:40:35 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903181.00

To:   PENSKE TRUCK LEASING CO., LP, C/O (PRO SE)
CORP. SERVICE CO. INC.,
641 SO. LAWRENCE ST
MONTGOMERY, AL, 36104-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DORA CALDWELL AS GUARDIAN AND NEXT FRIEND OF JASE QUATAVIOUS NEWELL, A
01-CV-2017-903181.00

The following NOTICE OF REMOVAL was FILED on 8/3/2017 12:40:35 PM

Notice Date:      8/3/2017 12:40:35 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903181.00

To:   JORDAN JOHN WILSON (PRO SE)
6550 COUNTY ROAD 490
HANCEVILLE, AL, 35077-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DORA CALDWELL AS GUARDIAN AND NEXT FRIEND OF JASE QUATAVIOUS NEWELL, A
01-CV-2017-903181.00

The following NOTICE OF REMOVAL was FILED on 8/3/2017 12:40:35 PM

Notice Date:     8/3/2017 12:40:35 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903181.00

To:  FRENCH GEORGE COURTNEY
     cfrench@fpflaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DORA CALDWELL AS GUARDIAN AND NEXT FRIEND OF JASE QUATAVIOUS NEWELL, A
01-CV-2017-903181.00

The following NOTICE OF REMOVAL was FILED on 8/3/2017 12:40:35 PM

Notice Date:     8/3/2017 12:40:35 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903181.00

To:  PETWAY MICHAEL DOUGLAS
     mpetway@fpflaw.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DORA CALDWELL AS GUARDIAN AND NEXT FRIEND OF JASE QUATAVIOUS NEWELL, A
01-CV-2017-903181.00

The following NOTICE OF REMOVAL was FILED on 8/3/2017 12:40:35 PM

Notice Date:      8/3/2017 12:40:35 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2017-903181.00

To:  KEVIN RAY GARRISON
     krgarrison@bakerdonelson.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

DORA CALDWELL AS GUARDIAN AND NEXT FRIEND OF JASE QUATAVIOUS NEWELL, A
01-CV-2017-903181.00

The following NOTICE OF REMOVAL was FILED on 8/3/2017 12:40:35 PM

Notice Date:      8/3/2017 12:40:35 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov